**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **SETH PRESSLER,** | ] |
| **Plaintiff.** | ] |
| | ] |
| **vs.** | ] **Cause No.  3:21-cv-43** |
| | ] |
| **UNIVERSITY OF SOUTHERN INDIANA,** | ] |
| **Defendant.** | ] |

---

## COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS

---

Demand for Jury Trial

COMES NOW the Plaintiff, Seth Pressler (hereinafter "Pressler"), by counsel, Jeremy W. Schnepper, Esq. and in this Complaint for Deprivation of Civil Rights alleges and states to this Honorable Court as follows:

1.    Plaintiff brings this action against University of Southern Indiana (hereinafter "USI") for damages arising out of the discriminatory practices committed by the staff, Director of Public Safety, Dean of Students, and the University as an institution.

## A.  PARTIES

2.    At all times herein mentioned, Plaintiff, Pressler, was an individual and student-resident of Evansville, County of Vanderburgh, State of Indiana.

3.    Defendant, USI, is a public university located just outside of Evansville, IN.  Defendant receives federal financial assistance from the Department of Education. Defendant may be served with process by serving the institution at 8600 University Boulevard, Evansville IN, 47712, USA.

## B.  JURISDICTION

4.       The Court has jurisdiction over the lawsuit pursuant to the Fourteenth

Amendment of the United States Constitution, Section 504 of the Rehabilitation Act of

1973, 42 U.S.C. § 1983, and 28 USC §1331, and §1367

5.       This Court, without regard to the amount in controversy, has jurisdiction

of the Plaintiff's request pursuant to federal statutes and Indiana statutes. Venue is proper

in the Southern District of Indiana, Evansville Division, because Defendant resides in

Vanderburgh County, at all relevant times Seth Pressler lived in Vanderburgh County,

Indiana, and all relevant events took place in Vanderburgh County, Indiana.

## C.  FACTS

1.       Pressler is a qualified individual with a disability. Pressler suffers from

Tourrette Syndrome.

2.       Pressler suffers from verbal tics that are sudden, brief, and intermittent.

3.       Pressler's tics often include offensive language and phrases such as "I

have a gun" or "I have a bomb."

4.       Pressler immediately follows each tic with an apology explaining that he

does not have either.

5.       Pressler performed well in high school and graduated with eligibility for

college.

6.       Pressler applied for and was accepted to the University of Southern

Indiana.

7.      Alison Harlos is the natural guardian and parent of Pressler.

8.      Alison Harlos and Pressler notified USI and the University's Disability Resource Department of Pressler's condition.

9.      Pressler was given a disability coordinator, Mrs. Rhonda Stone.

10.     Pressler physically attended his first day of class and informed his professors and other students that occasionally he may have an outburst followed by an apology explaining "I'm sorry, that was my Tourrette's."

11.     University staff advised Alison Harlos that these measures were appropriate.

12.     On or about the week of October 5, 2020, Pressler began to have multiple tics due to the stress of college.

13.     On or about October 10, 2020, Pressler was contacted by the Office of Public Safety of USI expressing their concerns over his tics. Pressler was asked to attend a virtual meeting.

14.     On or about October 12, 2020, Pressler was invited to a Google Team's meeting with several staff members of USI, including Director of Public Safety, Stephen Bequette.

15.     During the meeting of October 12, 2020, Pressler was informed by Stephen Bequette that he was being physically barred from campus and would need to confine to his dorm for five (5) days until October 16, 2020, whereby he would need to permanently vacate campus.

16.     Pressler was told by Stephen Bequette that if he became hungry he could call Residence Life to obtain dining options, but he could not physically appear on campus at the food court to get food.

17.     On October 12, 2020, Pressler met with his disability advocate, Rhonda Stone, where they both expressed their despondency.

18.     On October 12, 2020, once back at his dorm room, Pressler became hungry and called Residence Life to eat, however, there was no answer, and he could only leave a message.

19.     Pressler later contacted Stephen Bequette's office to secure food and was advised he had left for the day and no other assistance was provided.

20.     On October 13, 2020, Pressler's family came and took him away from USI's campus.

21.     Since the events, Pressler has remained off campus and has struggled to continue his education remotely.

22.     Pressler was ostracized, confined, and discriminated against based on his disability, without consideration or accommodation.

23.     The reasons provided for Pressler's treatment are a pretext for discrimination.

## D.  COUNT I

<u>VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION</u>

24.     Plaintiff hereby repleads and incorporates by reference paragraphs 1-23.

25.     Defendants and staff have violated the Fourteenth Amendment by not providing Plaintiff the same access to benefits and services that are available to all other students.

### E.  COUNT II

### VIOLATION OF 42 U.S.C § 1983

26.     Plaintiff hereby repleads and incorporates by reference paragraphs 1-25.

27.     Defendants are state actors and have used their power to willfully, wantonly, and recklessly discriminate against the Plaintiff on the basis of his disability.

28.     Defendants have used their authority under state law to deprive Plaintiff of equal protections under applicable federal laws.

29.     Defendants' actions were a gross miscarried of judgment and made in bad faith.

30.     Defendants have displayed a pattern and practice of discriminating against Plaintiff due to his disability.

### F.  COUNT III

### VIOLATION OF SECTION 504

31.     Plaintiff hereby repleads and incorporates by reference paragraphs 1-30.

32.     Defendants' have failed to ensure that Pressler had access to the same benefits and services that were available to similarly situated non-disabled students.

33.     Defendants' failed to ensure Pressler had access to public education under Section 504.

34.    Defendants' acted recklessly, wantonly, and willfully in violation of federal laws protecting Pressler.

35.    Defendants' failed to provide Pressler reasonable accommodations.

36.    Defendant's have discriminated against Pressler on the basis of his disability.

## E.  DAMAGES

37.    Plaintiff hereby repleads and incorporates paragraphs 1-36.

38.    As a result of Defendant's actions or inactions, Plaintiff has suffered emotionally and financially.

**WHEREFORE**, Pressler, by counsel, requests this Honorable Court enter judgment against the Defendant, USI, for Pressler to be made whole, for attorney fees, and for all other just and proper relief in the premises.

Respectfully submitted,


*/s/ Jeremy W. Schnepper*
Jeremy W. Schnepper              IN Atty: 34466-82
**ATTORNEY AT LAW**
111 SE 3rd Street, Suite 200
Evansville, Indiana 47708

Telephone:    (812) 492-1901
Facsimile:    (812) 492-1901

Email: Jeremy@jschnepperlaw.com

## JURY DEMAND

Plaintiff hereby requests trial by jury.

*/s/ Jeremy W. Schnepper*
Jeremy W. Schnepper, Esq.